# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FREDERICK CASON PRATT,          )
                                )
                Petitioner,     )
                                )
        v.                      )      1:12CV61
                                )
REUBEN F. YOUNG,                )
                                )
                Respondent.     )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) On January 17, 2006, in the Superior Court of Guilford County, Petitioner was convicted after a trial by jury of first degree kidnapping, robbery with a dangerous weapon and two counts of attempted robbery with a dangerous weapon in cases 05 CRS 85660, 05 CRS 85661, 05 CRS 85662 and 05 CRS 85663. (Docket Entry 5, Ex. 2 at 20-23; see also Docket Entry 1, ¶¶ 1-6.)[1] On that same date, Petitioner pled guilty to possession of a firearm by a felon in case 05 CRS 86016. (Docket Entry 5, Ex. 2 at 24-27.) The trial court sentenced Petitioner to 116 to 149 months of imprisonment for first degree kidnapping, 103 to 133 months of imprisonment for each count of robbery with a dangerous weapon and attempted robbery with a dangerous weapon, and to 16 to 20 months of imprisonment for possession of a firearm by a felon. (Docket Entry 5, Ex. 2 at 28-37; see also Docket Entry 1, ¶ 3.) The 116 to 149 month sentence

---

[1] Exhibit 2 to Respondent's brief in support of his summary judgment motion consists of the state appellate record and the pin cites for said document reflect the hand-written numbers at the bottom of the cited pages.

and two of the 103 to 133 month sentences were run consecutively. (Docket Entry 5, Ex. 2 at 28-37.)

Petitioner appealed to the North Carolina Court of Appeals (id. at 38-40; see also Docket Entry 1, ¶ 8), which denied his appeal on August 21, 2007 (Docket Entry 5, Ex. 1; see also Docket Entry 1, ¶ 9). Petitioner filed neither a petition for discretionary review with the North Carolina Supreme Court nor a petition for a writ of certiorari with the United States Supreme Court. (Docket Entry 1, ¶ 9(g)-(h).) On August 14, 2009, Petitioner filed a pro se motion for appropriate relief ("MAR") with the state trial court. (Docket Entry 5, Ex. 5; see also Docket Entry 1, ¶¶ 10, 11(a).)[2] After requesting and receiving a response from the state, the trial court denied that motion on January 5, 2010. (Docket Entry 5, Exs. 6-8; see also Docket Entry 1 at 17-18.)[3] Petitioner then filed a pro se petition for a writ of certiorari with the North Carolina Court of Appeals which he dated as submitted on March 18, 2010, and which that court received on March 25, 2010. (Docket Entry 5, Ex. 9; see also Docket Entry

---

[2] The MAR attached to Respondent's brief in support of his summary judgment motion reflects a signature date of March 18, 2010. (Docket Entry 5, Ex. 5.) However, Respondent asserts that the original MAR was actually filed on August 14, 2009, and that this version of the MAR is a "handwritten copy" prepared by Petitioner at the time he filed his certiorari petition with the Court of Appeals on March 18, 2010. (Docket Entry 5 at 1 & n.1.) Respondent's position appears correct, as Petitioner admits in his Petition in this Court that he filed his MAR on August 14, 2009 (Docket Entry 1, ¶ 11(a)(3)) and the trial court's order denying the MAR (issued prior to March 18, 2010) recites the MAR's filing date as August 14, 2009 (Docket Entry 5, Ex. 8).

[3] For attachments to the Petition, as well as portions of the Petition lacking paragraph numbers, pin citations refer to the page number in the footer appended to said document by the CM/ECF system.

1, ¶ 11(d).)  The Court of Appeals denied that petition on April 6, 2010.  (Docket Entry 5, Ex. 7, see also Docket Entry 1 at 19.)

Petitioner thereafter submitted his Petition in this Court (Docket Entry 1), which he dated as mailed on January 9, 2012 (id. at 16), and which the Court received on January 17, 2012 (id. at 1).  Respondent has moved for summary judgment on statute of limitation grounds and on the alternative grounds that the claims in the Petition fail as a matter of law.  (Docket Entry 4.) Petitioner has filed responsive documents (Docket Entries 8-10), as well as a motion seeking appointment of counsel (Docket Entry 12).

## Petitioner's Claim

Petitioner raises one claim for relief in his Petition: ineffective assistance of appellate counsel for failing to argue on appeal that the State improperly calculated his prior record level points and, by extension, his prior record level, resulting in an overlong sentence.  (Docket Entry 1, ¶ 12.)

## Discussion

Respondent requests summary judgment primarily on the ground that the Petition was filed[4] outside of the one-year limitation

---

[4] "In [Houston v. Lack, 487 U.S. 266 (1988)], the Supreme Court held that a pro se prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date that it is received by the clerk." Morales-Rivera v. United States, 184 F.3d 109, 110 (1st Cir. 1999). At least eight circuits "have applied th[is] prisoner mailbox rule to [establish the 'filing' date of] motions under 28 U.S.C. § 2254 or § 2255." Id. at 110-11 & n.3. In two published opinions issued since that consensus emerged, however, the United States Court of Appeals for the Fourth Circuit has declined to decide whether the prison mailbox rule applies in this context. See Allen v. Mitchell, 276 F.3d 183, 184 n.1 (4th Cir. 2001) ("Allen's petition was dated March 9, 2000, and it should arguably be treated as having been filed on that date. Cf. United States v. Torres, 211 F.3d 836, 837 n.3 (4th Cir. 2000) (declining to decide whether prison mailbox rule applies to filing of (continued...)

-3-

period. 28 U.S.C. § 2244(d)(1). In order to assess Respondent's statute of limitation argument, the Court first must determine when Petitioner's one-year period to file his § 2254 Petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Green v. Johnson</u>, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

The record does not reveal any basis for concluding that subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case.

---

[4](...continued)
federal collateral review applications in district court). We take no position on that question here."); <u>but see</u> <u>Smith v. Woodard</u>, 57 F. App'x 167, 167 n.* (4th Cir. 2003) (implying that <u>Houston</u>'s rule governed filing date of § 2254 petition); <u>Ostrander v. Angelone</u>, 43 F. App'x 684, 684-85 (4th Cir. 2002) (same). Because the difference between the date Petitioner signed his Petition (i.e., the earliest date he could have given it to prison officials for mailing) and the date the Clerk received it would not affect disposition of the timeliness issue, the Court need not consider this matter further.

As a result, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court thus must ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction ended.

Here, the state trial court entered judgment against Petitioner on January 17, 2006. (See Docket Entry 5, Ex. 2 at 28-37.) As Respondent has asserted (Docket Entry 5 at 3-4), and Petitioner has admitted (Docket Entry 9 at 1-2), Petitioner's convictions became final on September 25, 2007, 35 days after the August 21, 2007 decision of the Court of Appeals denying Petitioner's direct appeal (see Docket Entry 5, Ex. 1). See N.C. R. App. P. 32(b) (providing that, unless court orders otherwise, mandate issues 20 days after written opinion filed); N.C. R. App. P. 14(a) & 15(b) (allowing 15 days after issuance of mandate to file notice of appeal or petition for discretionary review); Saguilar v. Harkleroad, 348 F. Supp. 2d 595, 598-600 (M.D.N.C. 2004) (holding conviction final on direct review 35 days after Court of Appeals' opinion where no timely petition for discretionary review filed). The limitations period then ran for 365 days until it expired a year later on September 24, 2008, more than three years before Petitioner brought this action under § 2254.

Petitioner did make certain state collateral filings, which generally toll the federal habeas deadline for "the entire period

-5-

of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). Petitioner, however, did not make any collateral filings in the state courts until August 14, 2009, over ten months after his time to file a federal habeas claim already had expired. State filings made after the federal limitations period has passed do not restart or revive the filing period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000).

Petitioner does not dispute the foregoing time-line, but he does advance a reason why he believes the Court should consider the Petition despite its untimeliness. (Docket Entry 9 at 1-2; see also Docket Entry 1, ¶ 18.) In other words, Petitioner requests equitable tolling, which doctrine the Supreme Court has ruled applicable in this context. See Holland v. Florida, 560 U.S. ___, ____, 130 S. Ct. 2549, 2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (emphasis added).

Petitioner asserts that, after the North Carolina Court of Appeals denied his petition for certiorari "out of hand" on April 6, 2010, "he contacted North Carolina Prisoner Legal Services, Inc. for help in filing a habeas petition because they hold the contract to provide all North Carolina prisoners with [a]ccess to the

-6-

[c]ourt as proscribed by <u>Bounds v. Smith</u> [430 U.S. 817, 821-28 (1977)]." (Docket Entry 1, ¶ 18.) Petitioner claims that, "well before the one year statute of limitations had expired," Prisoner Legal Services ("PLS") assigned him an attorney named "Lindsey Bass," who "kept in contact with" Petitioner, "assuring him that he had a good case" and telling "him not to file any motions." (<u>Id.</u>) Petitioner claims that, after the "one year time limit expired, the same attorney then contacted the Petitioner notifying him that [PLS] would not represent his case." (<u>Id.</u>) Petitioner's argument lacks merit.

Even assuming that Petitioner's allegations regarding the PLS attorney's conduct could warrant equitable tolling,[5] any such tolling would not benefit Petitioner in this case. Petitioner avers that his communications with PLS occurred after the North Carolina Court of Appeals denied his petition for certiorari on April 6, 2010. (Docket Entry 1, ¶ 18.) Thus, by his own admission, Petitioner first contacted PLS over one and a half years after his one-year limitations period had expired on September 24, 2008. Nothing PLS did or failed to do could have resuscitated the expired one-year limitations period. Petitioner offers no explanation for why he could not have contacted PLS or otherwise

---

[5] Some doubt exists as to the soundness of such assumption, as this Court has consistently held that delays by PLS do not warrant equitable tolling. <u>See</u> <u>Gray v. Lewis</u>, No. 1:11CV91, 2011 WL 4022787, at *3 (M.D.N.C. Sept. 9, 2011), <u>adopted</u>, slip op. (M.D.N.C. Nov. 4, 2011) (Beaty, C.J.) (unpublished) (citing <u>Hood v. Jackson</u>, No. 5:10-HC2008-FL, 2010 WL 4974550, at *2 (E.D.N.C. Dec. 1, 2010) (unpublished) (citing cases)); <u>Satterfield v. Haynes</u>, No. 1:10CV836, 2011 WL 4022169, at *4 (M.D.N.C. Sept. 9, 2011), <u>adopted</u>, slip op. (M.D.N.C. Nov. 7, 2011) (Schroeder, J.) (unpublished); <u>Dockery v. Beck</u>, No. 1:02CV00070, 2002 WL 32813704, at *2 (M.D.N.C. Aug. 1, 2002) (Beaty, J., adopting recommendation of Eliason, M.J.) (unpublished).

diligently pursued his rights prior to the expiration of the one-year limitations period. Accordingly, Petitioner is not entitled to equitable tolling on these facts.

Finally, Petitioner raises a new argument in his response to Respondent's motion for summary judgment which he did not raise in his Petition. (Compare Docket Entry 1, ¶ 12, with Docket Entry 9 at 1-2.) Petitioner now contends that the instant Petition challenges not the trial court's incorrect calculation of his prior record level, nor his appellate counsel's failure to raise such an issue on appeal (as he had alleged in his Petition, see Docket Entry 1, ¶ 12), but rather the trial court's refusal to correct his prior record level when it denied his MAR on January 5, 2010 (Docket Entry 9 at 1-2). Petitioner's argument fails, because "[c]laims of error occurring in a state post conviction proceeding cannot serve as a basis of federal habeas corpus relief." Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988); accord Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008); Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998).

In sum, the Petition in this case is untimely and Petitioner has failed to advance any meritorious grounds for either equitable or statutory tolling of the one-year limitations period.[6]

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 4) be granted, that the Petition

---

[6] Under these circumstances, the Court need not reach Respondent's arguments addressed to the merits of Petitioner's claims. Moreover, the untimeliness of the Petition forecloses a finding that this case presents extraordinary circumstances warranting appointment of counsel.

-8-

(Docket Entry 1) be denied, and that Judgment be entered dismissing this action.

   **IT IS ORDERED** that Petitioner's Motion for Appointment of Counsel (Docket Entry 12) is **DENIED.**

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Date: February 21, 2013